IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
SOUTHERN DIVISION

NO. 7:04-CR-128-FL-1

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| | ) | |
| v. | ) | ORDER |
| | ) | |
| | ) | |
| JONATHAN LYNN BRYANT, | ) | |
| | ) | |
| Movant. | ) | |

This matter comes before the court on movant's motion for clarification of forfeiture order pursuant to Federal Rule of Criminal Procedure 36 (DE 55). This matter has been fully briefed and is ripe for adjudication.

On June 22, 2005, this court sentenced movant to an aggregate term of two hundred and four (204) months imprisonment, consisting of one hundred and forty-four months (144) for count one[1] and sixty (60) months for count three, five years supervised release as to each count to run concurrently, $200 special assessment, and forfeiture of property specified in the Preliminary Order of Forfeiture ("forfeiture order") entered on February 22, 2005. In relevant part, pursuant to the forfeiture order, movant forfeited "$50,000.00 in U.S. currency, an amount not currently in the possession of or its whereabouts known to the Government." (Forfeiture Order 1). Subsequently, a forfeiture judgment for $50,000.00, plus interest, was entered against movant.

---

[1] On July 16, 2009, the court reduced movant's sentence on count one, pursuant to 18 U.S.C. § 3582(c)(2), to one hundred and twenty (120) months imprisonment.

Movant now challenges the manner in which the government has been collecting on the forfeiture judgment. He states that the government contacted the Federal Bureau of Prisons ("BOP") to collect his property, including wages earned from his BOP job and minimal monthly support received from his family. Movant contends that the government does not have the statutory authority to collect this property as it is not property subject to criminal forfeiture under 21 U.S.C. § 853(a). The government argues that it is authorized under the Inmate Financial Responsibility Program ("IFRP"), 28 C.F.R. § 545.10 et seq., to collect on the forfeiture judgment in this manner. Movant acknowledges the authority of the government to collect lawful debt under IFRP, but he contends that the forfeiture judgment against him is only for specific currency assets and thus does not cover his prison wages and minimal monthly family support. Accordingly, he asserts that the government must file a motion under 21 U.S.C. § 853(p) for substitution of assets before it can collect this property.

Movant seeks clarification of the forfeiture order and the forfeiture judgment. In particular, movant wants to know whether the court intended to allow forfeiture of his prison wages and minimal monthly family support, and if so, the statutory basis for same. In the alternative, movant requests the court to make findings of fact pursuant to 21 U.S.C. § 853(p)(1)(A)-(E) to determine whether substitution of assets is warranted here.

While movant styled the instant motion as one requesting clarification of the forfeiture order pursuant to Federal Rule of Criminal Procedure 36, which allows the court to correct clerical errors, he did not highlight any clerical errors that need to be corrected. Instead, movant challenges the manner in which the forfeiture portion of his sentence is being executed. This type of request is the proper subject of a habeas corpus petition under 28 U.S.C. § 2241. See United States v. Miller, 871

2

F.2d 488, 490 (4th Cir. 1989) (per curiam) (determining attack on the execution of a sentence must be reviewed as § 2241 petition); see also United States v. Mubang, No. 13-7067, 2013 WL 5546257, at *1 (4th Cir. Oct. 9, 2013); United States v. Hudson, 221 F. App'x 255, 256 (4th Cir. 2007) (determining motion for clarification of restitution portion of criminal judgment should have been treated as § 2241 petition as it attacked the execution of the restitution order). In addition, this court has the responsibility to construe *pro se* prisoner pleadings according to their contents, not their captions. United States v. Winestock, 340 F.3d 200, 203 (4th Cir. 2003). Accordingly, this court construes the instant motion as a habeas corpus petition under 28 U.S.C. § 2241.

Proper venue for filing a 28 U.S.C. § 2241 petition is the district of confinement, not the sentencing court. See In re Jones, 226 F.3d 328, 332 (4th Cir.2000). Movant is incarcerated at the Federal Correctional Institute in Lisbon, Ohio, which is located in the Northern District of Ohio. Therefore, this court does not have jurisdiction over movant's § 2241 petition. A district court must "if it is in the interest of justice, transfer [the petition] . . . to any other such court in which [it] could have been brought at the time it was filed[.]" 28 U.S.C. § 1631; see United States v. Gripper, 224 F. App'x 219, 220 (4th Cir. 2007) (per curiam) (remanding to district court to determine whether § 2241 petition should be transferred in the interest of justice or dismissed without prejudice); cf. United States v. Little, 392 F.3d 671, 680 (4th Cir. 2004) (dismissing § 2241 petition without prejudice for improper venue).

For the foregoing reasons, this court construes movant's motion as a 28 U.S.C. § 2241 habeas corpus petition, which is improperly filed in this district, and must be adjudicated in the district of movant's incarceration, the Northern District of Ohio. In this case, the court finds it in the interest of justice to transfer the petition. Accordingly, the § 2241 petition (DE 55) is

3

TRANSFERRED to the Northern District of Ohio for further proceedings.

SO ORDERED, this the 5th day of February, 2014.

_____
LOUISE W. FLANAGAN
United States District Judge

4